# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-189V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *        Special Master Corcoran
JOYCE KEENAN,                            *
                                         *             Filed: May 2, 2018
                        Petitioner,      *
                                         *             Decision; Attorney's Fees and Costs.
               v.                        *
                                         *
SECRETARY OF HEALTH AND                  *
HUMAN SERVICES,                          *
                                         *
                        Respondent.      *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Randy M. Hitchcock*, Whitfield Sharp & Hitchcock, Marblehead, MA, for Petitioner.

*Jay Mason All*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On February 8, 2017, Joyce Keenan filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleged that the influenza vaccine that she received on February 14, 2014, caused her to develop dermatitis on both her hands and feet. Following the filing of medical records and Respondent's Rule 4(c) Report, Petitioner filed a motion to dismiss on February 23, 2018, expressing in her view she

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act.

would be unable to prove entitlement in this case. Thereafter, I issued a decision dismissing the case on February 28, 2018 (ECF No. 23).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 24, 2018. *See* Motion for Attorney's Fees and Costs, dated Apr. 24, 2018 (ECF No. 25) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $14,063.00 ($12,463.00 in attorney's fees, plus $1,600.00 in costs), as well as $400.00 for costs personally incurred by Petitioner. *Id.* at 2; Ex. 9 to Fees App. at 1 (ECF No. 25-9) (General Order No. 9 Statement). Respondent filed a document reacting to the fees application on April 25, 2018, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 27 at 2-3.

Unsuccessful petitioners may be awarded reasonable fees and costs if, in the special master's exercise of discretion, such an award is appropriate (and, as in the case of successful claims, the requested fees and costs are reasonable). I have in other decisions addressed at length the legal standard applicable to evaluating the propriety of a fees request in an unsuccessful case *See, e.g*, *R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016). The primary factors to be considered under such circumstances are whether (a) the petition was brought in good faith; and (b) there was reasonable basis for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012). Determining whether a petition was filed in good faith is a subjective inquiry, and can be established as long as the petitioner demonstrates an honest belief that he has suffered a compensable injury. *See Lemaire v. Sec'y of Health & Human Servs.,* No. 13-681V, 2016 WL 5224400, at *3 (Fed. Cl. Spec. Mstr. Aug. 12, 2016). A claim's reasonable basis involves application of objective criteria which looks to the feasibility of the claim, and not to the claim's likelihood of success. *Id.* at 4.

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of*

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum

*Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Although Petitioner was not successful in pursuing her claim, I find that the matter had sufficient reasonable basis to justify a final award of fees. Here, Respondent does not assert that the matter lacked reasonable basis prior to Petitioner's decision to seek dismissal, nor does Respondent question Petitioner's good faith in filing the claim. I do not find otherwise, based on my overall review of the record. Claims alleging a vaccine-induced dermatitis injury are frequently litigated in the Program, both successfully and unsuccessfully. The allegations and medical records also generally provided an evidentiary basis for the claim, despite the overall outcome. Furthermore, Petitioner acted reasonably by voluntarily dismissing this matter following an unsuccessful attempt to retain an expert who could opine as to vaccine causation, and thus did not unnecessarily run up fees. Thus, Petitioner should obtain a fees and costs award despite the claim's dismissal.

I now turn to the amount to be awarded. Petitioner asks that both counsel, Mr. Randy Hitchcock and Ms. Elaine Sharp, be reimbursed at varying rates for work performed from 2016-2018. Petitioner requests $366 per hour for Mr. Hitchcock's work in 2016, with increases to $375 per hour in 2017, and $385 per hour in 2018. *See* Ex. 1 to Fees App. at 1-11 (ECF No. 25-1). Petitioner also requests $390 per hour for Ms. Sharp's work in 2016, with an increase to $400 per hour in 2017. *Id.*

I have previously found that Petitioner's present counsel are entitled to forum rates. *See Sclafani v. Sec'y of Health & Human Servs.*, No. 16-737V, 2017 WL 5381271, at *1 (Fed. Cl. Spec. Mstr. Oct. 11, 2017) (awarding Ms. Sharp a rate of $400 per hour for 2017, and Mr. Hitchcock a rate of $366 per hour for 2016 and $375 per hour for 2017); *Lemaire v. Sec'y of Health & Human Servs.,* No. 13-681V, 2016 WL 5224400 (Fed Cl. Spec. Mstr. Aug. 12, 2016) (awarding Ms. Sharp hourly rates of $380 and $390 for 2015-2016, respectively). The amounts requested herein are the same as those awarded to counsel in my previous decisions. I thus find the requested rates to be reasonable and I will award them in full without reduction. In addition, the increased amount requested ($385 per hour) for Mr. Hitchcock for work completed in 2018 is reasonable

---

in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

and consistent with the hourly rate chart set forth by the Office of Special Masters and the producer price index for the office of lawyers ("PPI-OL").[4]

Finally, Petitioner requests $1,600.00 in costs associated with this matter (solely representing reimbursement for a medical review conducted by Dr. Thomas Zizic). Dr. Zizic's requested costs are consistent with those awarded by other special masters in the Program to him for similar work, and I will therefore award the amount requested. *See, e.g., Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5-6 (Fed. Cl. Spec. Mstr. May 11, 2017) (awarding Dr. Zizic a rate of $400 per hour); *Hales v. Sec'y of Health & Human Servs.*, No. 14-552V, 2017 WL 1366069, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2017) (awarding the same). Petitioner also requests $400.00 (representing the filing fee) in costs she personally incurred during this matter.

Otherwise, upon my review of the billing record, the hours expended on this matter by both counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, I will reimburse both counsel in full for their work on this matter. Furthermore, the requested litigation costs are reasonable and will be awarded in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding **$14,063.00** in the form of a check payable jointly to Petitioner and Petitioner's counsel, Randy Hitchcock, Esq. An award of **$400.00** should be made in the form of a check payable to Petitioner for the costs she personally incurred in the matter. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on May 1, 2018). The Office of Special Masters currently favors using the producer price index for the office of lawyers ("PPI-OL") to measure for inflation. Mr. Hitchcock's PPI-OL inflated rate for 2018 was calculated by multiply Mr. Hitchcock's 2017 hourly rate ($375) by the PPI-OL index for January 2017 (207.7), and then dividing by the PPI-OL index for January 2016 (201.8). Here, the PPI-OL calculation for Mr. Hitchcock's 2018 increased rate results in roughly the same amount that he has requested herein. Thus, there is no reason to adjust Mr. Hitchcock's 2018 rate.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.