# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-189V**
**(Not to be published)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JOYCE KEENAN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Filed: September 12, 2018

Attorney's Fees and Costs; Motion for Relief from Judgment; RCFC 60(b).

*Randy Mather Hitchcock*, Whitfield Sharp & Hitchcock, LLC, Marblehead, MA, for Petitioner.

*Jay Mason All*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING RELIEF FROM JUDGMENT[1]

On February 8, 2017, Joyce Keenan filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleged that the influenza vaccine she received on February 14, 2014, caused her to develop dermatitis on both her hands and feet. *See* Petition ("Pet.") (ECF No. 1) at 1. Following the filing of medical records

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

and Respondent's Rule 4(c) Report, Petitioner filed a motion to dismiss the claim on February 23, 2018. Thereafter, I issued a decision dismissing the case for insufficient proof on February 28, 2018 (ECF No. 23).

Following the case's dismissal, Petitioner filed a fees application requesting fees and costs associated with the above-captioned matter. *See* Motion for Attorney's Fees and Costs, dated Apr. 24, 2018 (ECF No. 25). Petitioner requested reimbursement in the combined amount of $14,063.00 (representing $12,463.00 in attorney's fees, plus $1,600.00 in costs), as well as $400.00 for costs personally incurred. *Id.* at 2. I granted the motion on May 2, 2018, and awarded Petitioner the full amount requested (including the requested $1,600.00 for expert costs). *See* Decision, dated May 2, 2018 (ECF No. 28) ("Decision"). Judgment entered on May 3, 2018. *See* Fees Judgment, dated May 3, 2018 (ECF No. 30) ("Fees Judgment").

After entry of the Fees Judgment, Petitioner's counsel informed me that he had failed to submit full invoices for expert services rendered during the lifespan of the case. *See* Motion for Relief from Judgement, filed Aug. 20, 2018 (ECF No. 32) ("Mot.") at 1-2. In the motion, counsel explains that $4,780.00[3] in fees were not submitted for payment in Petitioner's original fees application. *Id.* at 2. Counsel acknowledges that Petitioner's retained expert, Dr. Thomas Zizic, submitted a supplemental fee invoice "on or about December 13, 2017," but contends the invoice "was not recorded with counsel's office." *Id.* Thus, counsel "inadvertent[ly]" . . . miss[ed]" the invoice, although it is not clear from the motion when counsel's office discovered the error. *See id.* Based on the above, Petitioner now moves for relief from the Fees Judgment. Petitioner requests supplemental fees in the amount of $4,780.00 (representing solely Dr. Zizic's unreimbursed expert fees). *Id.*

Respondent filed a document in response to Petitioner's request on August 24, 2018, deferring to my discretion to determine whether Petitioner has met the legal standard applicable to re-opening the case. *See* Response, dated Aug. 24, 2018 (ECF No. 33) ("Opp.") at 2-3. Although Respondent makes no specific objections concerning Petitioner's request for relief, the response broadly seems to question whether Petitioner has satisfied the appropriate standard for relief from judgment. *See id.* at 2 ("Petitioner's [m]otion makes no legal analysis or argument . . . [but] simply mentions her counsel's inadvertence . . . in missing this invoice and requests that the judgment be amended . . . .") (internal quotation marks omitted)).

Thereafter, Petitioner filed a reply on August 31, 2018, attempting to better explain her

[3] Petitioner' original motion for relief requested additional expert fees in the amount of $4,200.00. *See* Mot. at 2. This amount did not accurately reflect the invoice submitted. In her reply, dated August 31, 2018, however, Petitioner corrected her request to reflect the appropriate amount of expert fees outstanding: $4,780.00. *See* Reply at 1-2. Respondent's brief in reaction also noted the discrepancy. Opp. at 2.

request in light of the appropriate grounds for relief under RCFC 60(b). *See* Reply, dated Aug. 31, 2018 (ECF No. 34). Petitioner clarified that she is requesting relief under RCFC (60)(b)(1), which encompasses "error, misconception, or misunderstanding; an erroneous belief." *Id.* at 2 (citing *Curtis v. United States*, 61 Fed. Cl. 511, 514 (2004) (internal quotation marks omitted)). Petitioner asserts that the court should "liberally construe the meaning of the term 'mistake' in order to do substantial justice" in granting her request for additional fees. *Id.* In addition, Petitioner acknowledged that her counsel's original motion for relief failed to correctly state the amount of expert fees outstanding. *Id.* at 1-2. According to the reply, the amount of fees outstanding (and thus being requested herein) amounts to $4,780.00 (as noted above). *Id.* at 2.

## ANALYSIS

Under Vaccine Rule 36, Appendix B, RCFC (the "Vaccine Rules"), a party may seek relief from judgment pursuant to RCFC 60(a) or 60(b).[4] RCFC 60(b) delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b)(6).[5] Ms. Keenan's motion invokes RCFC 60(b)(1), which provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect[,]" which the Court of Federal Claims has interpreted to include "[a]n error, misconception, or misunderstanding; erroneous belief" attributable to a party, counsel, or the court. *Curtis v. United States*, 61 Fed. Cl. 511, 512 (2004).

As a remedial provision, Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice." *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). Special masters have discretion regarding whether to grant relief under Rule 60(b), and to weigh equitable factors in the exercise of that discretion. *See McCray v. Sec'y of Health & Human Servs.*, No. 11-567V, 2014 WL 2858593, at *1 (Fed. Cl. Spec. Mstr. May 29, 2014) (citing *CNA Corp. v. United States*, 83 Fed. Cl. 1, 7 (2008)).

---

[4] RCFC 60(a) concerns corrections based on "minor" clerical mistakes, oversights, and omissions. *See Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1029 (Fed. Cir. 1994) ("[S]ubdivision (a) covers those omissions or mistakes resulting from a court's failure to perform a ministerial duty, as opposed to a deliberative or discretionary act addressable by subdivision (b)"). The rule states, in relevant part, "[t]he Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Court may act on motion or on its own, without notice to the parties involved. RCFC 60(a).

[5] The grounds for relief under RCFC 60(b)(6) require a greater showing of "extraordinary circumstances." *See Ackerman v. United States*, 340 U.S. 193, 198, 202 (1950) (finding petitioner did not fulfill the "extraordinary circumstances" requirement necessary for vacating judgment). The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. *See Freeman v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice."); *Coleman v. Sec'y of Health & Human Servs.*, No. 06-0710, 2011 WL 6828475, *4 (Fed. Cl. Spec. Mstr. Dec. 07, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

Here, I find that Petitioner has established a basis for revising the Fees Judgment under RCFC 60(b)(1). Petitioner's motion (and reply thereafter) articulated that Dr. Zizic's fees were not included in the original application due to mistake or inadvertence on counsel's part. *See* Mot. at 2. The invoice subsequently submitted by Petitioner evidences the omitted costs owed to Dr. Zizic, and provides an itemized list of the tasks completed (reflective of the number of hours expended at the rate previously awarded in my final award of fees and costs). *See* ECF No. 32-1. This work was clearly contemplated in my original fees and costs decision, and would have been awarded had the missing documentation been submitted with Petitioner's initial request. *See* Decision at 4 (compensating Dr. Zizic in full for his work on the matter at a rate of $400 per hour).

Other special masters have similarly granted motions for relief from judgment under RCFC 60(b) where a petitioner failed to submit full invoices when requesting an award of fees and costs. *See, e.g.*, *Brock v. Sec'y of Health & Human Servs.,* No. 90-1752V, 1993 WL 266510, at *3-4 (Fed. Cl. Spec. Mstr. July 1, 1993) (correcting judgment under RCFC 60(b) where counsel miscalculated fees and failed to request the full amount expended). I have also granted motions for relief from judgment where the parties inadvertently omitted invoices from their fees applications or requested a fees adjustment under RCFC 60(b). *See, e.g.*, *Sweat v. Sec'y of Health & Human Servs.*, No. 14-329V, 2016 WL 4483039, at *1-2 (Fed. Cl. Spec. Mstr. June 16, 2016) (amending judgement under RCFC 60(b)(1) where petitioner's counsel "inadvertently" failed to account for guardianship fees in the original fees stipulation); *Schmidt v. Sec'y of Health & Human Servs.*, No. 13-143V, 2016 WL 4483031, at *2 (Fed. Cl. Spec. Mstr. June 7, 2016) (amending judgement under RCFC 60(b)(1) where petitioner requested additional fees pertaining to obtaining representative capacity incurred subsequent to decision awarding final fees and costs); *see also Williamsen v. Sec'y of Health & Human Servs.*, No. 10-223V, 2014 WL 1388894, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 4, 2014) (correcting judgment under RCFC 60(a) where parties inadvertently omitted a mediation invoice from their fees stipulation).

The circumstances support granting the relief Petitioner requests. The motion itself was made in a mostly reasonable timeframe, within a few months of the judgment rather than a year or more later. The motion also does not challenge or dispute the underlying merits of the prior fees decision that produced the Fees Judgment. And the requested correction will merely increase the size of the Fees Judgment to reflect additional expert fees performed while the case was still under evaluation. Furthermore, Respondent made no specific objection to Petitioner's request, nor did Respondent contest Dr. Zizic's requested rate, further underscoring the extent to which it is the view of the parties that the error in question, while in need of correction, is relatively minor in nature. Such circumstances constitute sufficient grounds to grant the relief requested under RCFC 60(b)(1).

## CONCLUSION

Accordingly, **Petitioner is awarded an additional $4,780.00 in attorney's fees and costs in this action in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mr. Randy Hitchcock.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with these terms.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.